IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEROME JULIUS BROWN,

                       Plaintiff,

       v.                            Civil Action Number 3:10CV381

CHEVY CHASE BANK, a division of
CAPITAL ONE,

                       Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the Complaint filed by Plaintiff Jerome Julius Brown

("Brown"), who refers to himself as "U.S. Bounty # 1014, U.S.A., Mr. Jerome Julius Brown Sr. *et*

*al*." On June 7, 2010, Brown filed a one-page Complaint accompanied by 167 pages of attachments.

The one-page Complaint is incomprehensible. It consists of several disjointed sentence fragments

that do not make sense. It refers to a "petition for writ and attachments," an appeal from a

magistrate judge, the United States Marshals Service, "assessment & taxation no real property data

land condemnation business check card" and demands $70,000.00. The attachments include copies

of his Maryland Driver's License, a business check card apparently issued to him by Chevy Chase

Bank, and a Federal Express account card. Other attachments demonstrate that he has filed other

lawsuits against Chevy Chase Bank[1], including but not limited to Case No. 1:09CV1899 in the

---

[1] Although not included among these attachments, Brown has attempted to file another action
against Chevy Chase Bank in the Alexandria Division of this Court (Case No. 1:10MC028 submitted
on June 4, 2010). The two complaints and attachments appear to be almost identical.

United States District Court for the District of Columbia, and that he has filed other lawsuits against other various persons and entities.[2]  Also included among the attachments are copies of various checks drawn on what appears to be a business account for "Zip One Mail Contractor Courier" and "Jerome Julius Brown," an "ID Theft Affidavit" that refers to the Federal Bureau of Investigation, a credit report for Brown that includes handwritten notes regarding purported fraud and identity theft, and what appears to be a copy of a home equity loan application.

While *pro se* actions are to be generously construed, federal courts are not required to "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4thCir. 1985) (District judges "cannot be expected to construct full blown claims from sentence fragments.").  Further, a pleading that sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks.  *See* Fed. R. Civ. P. 8(a).  Each "allegation must be simple, concise, and

---

[2]It appears that Brown has filed approximately 94 cases in the United States District Court for the District of Maryland, at least 25 cases in the United States District Court for the District of Columbia, and at least 24 cases in the United States District Court for the Eastern District of Virginia, including seven cases filed in this District within the last two weeks.  He is subject to pre-filing restrictions in the District of Maryland.  S*ee In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md. Feb. 4, 2009) (prohibiting Brown from entering the courthouses, limiting him to one active case at a time, restricting the manner in which he may file papers with the court, and setting forth how the court handles and returns the papers).  A similar order referring to Brown as "a former Virginia State inmate" and subjecting him to pre-filing review was issued in the Eastern District of Virginia, Norfolk Division in 1992 (*see* Orders, Misc. Case No. 2:92MC79, July 1 & 20, 1992), although Brown told Clerk's Office personnel in the Richmond Division on June 7, 2010 that the 1992 Order did not refer to him because the middle name was spelled differently – "Julias" rather than "Julius." Having reviewed the records, including the Court's docket sheet on which the Plaintiff's name is spelled correctly – "Jerome Julius Brown" – the Court is confident that the 1992 Order does in fact refer to the Plaintiff and that the misspelling of his name was simply a typographical error.

direct," Fed. R. Civ. P. 8(d)(1), so as to give defendants "fair notice" of the claim being asserted and the "grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Plaintiff's Complaint fails to comply with Rule 8(a). It could be a civil complaint regarding a loan or his business check card, but it is unclear. He describes the nature of the suit on the civil cover sheet as "welfare" but also lists several statutes – 18 U.S.C. § 1001, which refers to fraud and false statements, and 18 U.S.C. §§ 2601 & 2605, which refer to real estate settlement procedures. He also describes this proceeding as both an "Original Proceeding" and an "Appeal to District Judge from Magistrate Judgment." Given his failure to comply with Federal Rule of Civil Procedure 8(a), the Complaint will be dismissed.

In addition, the check that Brown submitted to the Clerk to pay the filing fee of $350.00 was returned for insufficient funds. Accordingly, pursuant to Title 28, United States Code, Section 1914(a), Brown has failed to pay the required filing fee, and this failure is also sufficient grounds for dismissal of the Complaint.

Lastly, Brown also submitted a document entitled "Motion for Return of Service, Summons," the purpose of which is also unclear. Given the dismissal of this Complaint, Brown should not attempt to serve the Defendant with process in this case. In addition, Brown should not attempt to obtain taxation of costs in this case. The "Motion for Return of Service, Summons" will be denied.

An appropriate Order shall issue.


June 21, 2010
DATE

/s/
RICHARD L. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE